

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00436-CR

| | | |
|---|---|---|
| Devaughn Dejon Bryant | § | From the 432nd District Court |
| | § | of Tarrant County (1201128D) |
| v. | § | January 24, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS


PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-11-00436-CR

DEVAUGHN DEJON BRYANT                                      APPELLANT

V.

THE STATE OF TEXAS                                             STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Devaughn Dejon Bryant pled guilty to two counts of aggravated robbery with a deadly weapon. The jury convicted him and assessed his punishment at sixty years' confinement on each count. The trial court sentenced Appellant accordingly, ordering that the sentences run concurrently, and found that he had used or exhibited a deadly weapon in the two robberies.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, these appeals are frivolous.  Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.[3]  Appellant filed a pro se response to the *Anders* brief; the State declined to file a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[4]  Only then may we grant counsel's motion to withdraw.[5]

Because Appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of his plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.[6]

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]*See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

[4]*See id.* at 511.

[5]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[6]*See Monreal v. State*, 99 S.W.3d 615, 619–20 (Tex. Crim. App. 2003), *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support this appeal.[7] Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, J.; LIVINGSTON, C.J.; and GARDNER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 24, 2013

---

[7]*See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).